IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CECIL MOORE, ) | Civil Action No. 7:20-cv-00157 |
|     Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| GARY PARSONS, *et al.*, ) | United States District Judge |
|     Defendants. ) | |

## MEMORANDUM OPINION

Cecil Moore, a Virginia inmate proceeding *pro se*, filed an Amended Complaint pursuant to 42 U.S.C. § 1983, naming Gary Parsons and the "Jonesville Sheriff's Office" as defendants.[1] Parsons is the Lee County Sheriff and Jonesville is a town in Lee County, but Jonesville does not have its own sheriff; it has a police department. In his brief complaint, Moore alleges that, in 2017, he was "arrested on charges that had been dismissed," identifying the charges as two counts of distribution and two counts of conspiracy. (Am. Compl. 2, Dkt. No. 16.) He asserts that he is unable to get the name of the arresting officer and is not sure of the exact date he was arrested. Based on his statement that he could not exhaust remedies because he was not in jail long enough, it appears that he was released fairly quickly after his arrest. His amended complaint asks for $50,000 "for harassment, discrimination, and slander" and also requests costs.

The court construes Moore's complaint as asserting a § 1983 claim that his arrest violated his Fourth Amendment rights, as well as state-law tort claims, including false arrest (or false imprisonment) and slander.

---

[1] After reviewing Moore's original complaint, the court directed him to file an amended complaint remedying certain deficiencies. (Dkt. No. 10.) Significantly, all of the grounds on which the court bases its dismissal of his amended complaint were noted in that order. (*See generally* Dkt. No. 10.) Despite being told of these specific problems, his amended complaint failed to remedy them, as discussed herein.

I. DISCUSSION

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Moore's claims, the court concludes that his claims fail as a matter of law and thus are subject to dismissal, pursuant to 28 U.S.C. § 1915A(b)(1).

**A.  Claims Against the "Jonesville Sheriff's Office"**

As noted above, Jonesville does not have a Sheriff. Thus, the defendant identified by Moore as the "Jonesville Sheriff Office" does not exist and cannot be sued. Parsons, who Moore also names, is the Lee County Sheriff. To the extent that Moore intended to bring a § 1983 claim against the *Lee County* Sheriff's Office or Department, no legal entity with that name exists, either. Virginia merely authorizes and identifies the duties of a sheriff and his deputies. *Cf.* Va. Code Ann. §§ 15.2-1609, 15.2-1609.1. Accordingly, any claims against the Jonesville Sheriff's Office (or Lee County Sheriff's Office) must be dismissed.

**B.  Section 1983 Claims Against Sheriff Gary Parsons**

As for Moore's § 1983 claim against Sheriff Parsons, who he also names as a defendant, a sheriff in Virginia is an "arm of the State" for purposes of the Eleventh Amendment and is entitled to Eleventh Amendment immunity from suit. *Bland v. Roberts*, 730 F.3d 368, 390–91

(4th Cir. 2013); *see also Cadmus v. Williamson*, No. 5:15-CV-045, 2016 WL 1047087, at *4–*5 (W.D. Va. Mar. 10, 2016) (dismissing with prejudice claims for money damages against the sheriff in his official capacity). "[A]n entity with Eleventh Amendment immunity is not a 'person' within the meaning of § 1983." *Howlett v. Rose*, 496 U.S. 356, 365 (1990). Thus, all § 1983 claims against the sheriff in his official capacity are subject to dismissal.

There is an exception that allows official-capacity claims under § 1983 to be asserted against state officials where a plaintiff seeks only prospective, injunctive relief. *Ex parte Young*, 209 U.S. 123 (1908); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (recognizing exception). But that exception is not applicable here, both because Moore seeks only damages and because the *Ex parte Young* exception is not "implicated where there is not any ongoing violation of federal law and a plaintiff is simply trying to rectify the harm done in the past," as Moore is here. *Doe v. Va. Polytechnic Inst. & State Univ.*, 400 F. Supp. 3d 479, 488 (W.D. Va. 2019); *see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) ("[T]he exception is narrow: It applies only to prospective relief [and] does not permit judgments against state officers declaring that they violated federal law in the past."). As a result, any official-capacity claim against Sheriff Parsons is subject to dismissal in its entirety.

Moore also fails to state a claim against Parsons in his individual capacity because he does not identify any action or omission by Parsons himself. "To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted).

Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Because Moore fails to identify any personal involvement by Parsons with regard to Moore's 2017 arrest, any individual-capacity claim against Parsons also fails to state a claim for which relief can be granted.

C. **Statute of Limitations**

Although the court is not and need not base its dismissal decision on limitations grounds, the court does note that Moore's § 1983 claim is likely also subject to dismissal because it is time-barred. A § 1983 claim based on events that occurred in Virginia is subject to Virginia's statute of limitations for general personal injury claims, *see Owens v. Okure*, 488 U.S. 235, 239–40 (1989), which requires an action be brought within two years of its accrual. Va. Code Ann. § 8.01-243(A); *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011) (explaining that the statute of limitations for § 1983 claims is the state limitations period for personal injury actions and in Virginia, that period is two years). A false arrest or false imprisonment claim, based on arrest without legal process, accrues either when legal process is later initiated against the plaintiff or, if that did not occur, when he was released from custody. *Wallace v. Keto*, 549 U.S. 384, 389 (2007).

Based on the allegations in Moore's complaint, he was improperly arrested (on already-dismissed charges) at some unknown date in 2017. He was released within a short-enough period of time that he was unable to exhaust the administrative remedies available at the jail. He

4

did not file his original complaint in this matter until February 27, 2020, at the earliest.[2] Thus, unless Moore was arrested at the very end of December 2017 and held for nearly two months—which the court finds extremely unlikely given his allegations about his inability to exhaust—his claims were filed more than two years after they accrued. *Cf. Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 956 (4th Cir. 1995) (en banc) (explaining that a court may summarily dismiss a complaint when it is clear from the face of a § 1983 complaint that a claim is barred by the applicable statute of limitations).

**D. State-Law Claims**

In light of the dismissal of Moore's only federal claim, the court declines to exercise jurisdiction over Moore's state-law claims. 28 U.S.C. § 1367(c)(3). Thus, those claims also will be dismissed, but without prejudice to Moore's ability to raise them in a state court proceeding.

## II.   CONCLUSION

For the foregoing reasons, Moore's § 1983 claim will be dismissed without prejudice for failure to state a claim. The court will decline to exercise supplemental jurisdiction over his state-law claims, and they also will be dismissed without prejudice. An appropriate order will be entered.

Entered: August 12, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[2] Moore's complaint was received by the Clerk on March 11, 2020, but it indicates that it was signed on February 27, 2020.